UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ASBERRY GLOVER, LOUISA GLOVER AND DARRICK GLOVER | CIVIL ACTION NUMBER: 3:22-cv-00445 |
| VERSUS | MAGISTRATE _____ |
| ARGONAUT INSURANCE COMPANY, J H B TRUCKING, INC., AND KIRPAL SINGH | JUDGE _____ |

## NOTICE OF REMOVAL

Defendants, Kirpal Singh ("Singh") and Argonaut Insurance Company ("Argonaut"), file this Notice of Removal removing this cause of action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, in which it is now pending, to the United States District Court for the Middle District of Louisiana. This removal is predicated upon the existence of diversity of citizenship between the parties to this litigation and upon the existence of facts which sufficiently show that the amount in controversy at the time of removal exceed the federal jurisdictional requirement, exclusive of interest and court costs.

1.

This case was commenced in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana by three plaintiffs, namely: Asberry Glover, Louisa Glover, and Darrick Glover. Upon information and belief, the Petition for Damages was filed on April 21, 2022. (See: Exhibit A-1). Service on the Louisiana Secretary of State as Argonaut's registered agent for service of process occurred on May 3, 2022 and Singh was served via Long Arm Service on May 10, 2022. (See: Exhibits A-3 & A-5).

2.

Upon further information and belief, J H B Trucking, Inc. has not yet been served with Petition and Citation in this matter. On or about June 8, 2022, Plaintiffs petitioned the state court for the appointment of a private process server to effectuate service on J H B Trucking, Inc. An order appointing said private process server was issued by the 19th Judicial District Court on June 14, 2022. (See: Exhibit A-7). There is no indication in the state court record, or elsewhere, that J H B Trucking, Inc. has been served by the duly appointed private process server and therefore consent of said defendant is not required for the removal of this matter. *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1262 fn.9 (5th Cir. 1988)("Defendants (at least those not citizens of the forum state) who are unserved when the removal petition is filed need not join in it.").

3.

This action is one of a civil nature founded in Louisiana's tort law. Specifically, each of the three plaintiffs allege a claim of negligence under the Louisiana Civil Code and a claim rooted in the doctrine of *Respondeat Superior* as found in LSA-CC Article 2320. The plaintiffs further claim that the defendants are liable *in solido*. (See: Exhibit A-1, ¶ 2, 10, 11, 12, 13).

4.

As explained below, Defendants herein assert that this Honorable Court has original jurisdiction over the entitled and numbered cause pursuant to Article III of the United States Constitution and 28 U.S.C. §1332 as this is a suit between diverse parties in which the amount in controversy is likely to exceed seventy-five thousand dollars ($75, 000.00).

## **DIVERSITY CITIZENSHIP**

5.

The Petition sets forth that each of the plaintiffs, Asberry Glover, Louisa Glover, and Darrick Glover, are "domiciled in Harris County, State of Texas[.]" (See: Exhibit A-1, introductory paragraph). Thus, given the plaintiffs' own admissions, they are citizens of the State of Texas for purposes of diversity under 28 U.S.C. §1332. *See Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (Holding that for diversity purposes, citizenship within the meaning of section 1332 "means domicile.")

6.

The plaintiffs name three defendants in their Petition for Damages: Argonaut Insurance Company,[1] J H B Trucking, Inc., and Kirpal Singh. (See: Exhibit A-1).

7.

In the Amended Petition, the Plaintiff asserts that Argonaut is a foreign insurance company that is authorized to do and doing business in the State of Louisiana. (See: Exhibit A-1, ¶ 1). Argonaut asserts herein that it is a stock insurance company, incorporated in and with its principal place of business in the State of Illinois. Thus, pursuant to 28 U.S.C. § 1332(c)(1), Argonaut is a citizen of the State of Illinois.

8.

Plaintiffs allege in their Petition for Damages and, upon information and belief, the removing Defendants submit that J H B Trucking, Inc. is a California corporation (See: Exhibit A-1, ¶ 1) with a principal place of business also in California. Therefore, it is believed that the

---

[1] Incorrectly named as "Argonaut Midwest Insurance Company" in the Petition for Damages.

unserved defendant, J H B Trucking, Inc., is a citizen of the State of California for diversity purposes under 28 U.S.C. § 1332(c)(1).

9.

Defendant, Kirpal Singh, is a citizen of India, who is lawfully residing in the United States in the State of California with a work permit known as an Employment Authorization Document (EAD). Defendant Singh is deemed a citizen of a foreign state for purposes of diversity.

10.

Federal diversity jurisdiction is conferred under 28 U.S.C. § 1332(a)(3) when a citizen of one state sues both a foreign citizen and citizens of a state (or states) different from the plaintiff's state. *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 109 S.Ct. 2218, 2221, 104 L.Ed.2d 893 (1989).

11.

In the instant matter, Texas citizens have sued a citizen of Illinois (Argonaut), a citizen of California (J H B Trucking, Inc.), and a foreign citizen (Kirpal Singh). Therefore, the element of complete diversity is satisfied in this matter which is a civil action between "citizens of different States and in which citizens or subjects of a foreign state are additional parties" pursuant 28 U.S.C. §1332(a)(3).

**AMOUNT IN CONTROVERSY**

12.

LSA–C.C.P. art. 893 specifically prohibits the pleading of the amount of monetary damages sought and Plaintiffs' Petition for Damages does not set forth the specific amount of damages sought, nor does it provide any specific injuries that any of the three plaintiffs claim to have sustained. Additionally, the Petition does not contain a general allegation that the claims are

more or less than the requisite amount of $75,000 for federal court diversity jurisdiction, as is specifically required by LSA–C.C.P. art. 893(A)(1).

13.

The petition lists each plaintiffs' claimed damages as including "[p]ast, present, and future medical expenses," but neither the extent nor severity of any plaintiffs' injuries are described, and there is no indication of any particular treatment that has been recommended for any plaintiff. The Plaintiffs merely allege that "their damages, individually, are greater than the sum or value of $50,000.00, exclusive of interest and costs." However, these allegations alone are not sufficient to prove the requisite amount in controversy and/or put the defendants on notice of the same for purposes of removal. *Taylor v. Old Republic Ins. Co.*, No. CV 21-369-BAJ-EWD, 2022 WL 264887, at *4 (M.D. La. Jan. 6, 2022), *report and recommendation adopted,* No. CV 21-00369-BAJ-EWD, 2022 WL 264540 (M.D. La. Jan. 27, 2022) (Allegations of non-specific bodily injuries and demands for general categories of damages, such as: pain, suffering, grief, mental anguish, medical expenses, lost wages, loss of income earning capacity, property damages, and/or loss of enjoyment of life, are insufficient to show the amount in controversy.); and *Sins v. State Farm Ins. Co.*, No. CV 19-791-JWD-SDJ, 2020 WL 5032051, at *5 (M.D. La. Aug. 10, 2020), *report and recommendation adopted*, No. CV 19-791-JWD-SDJ, 2020 WL 5026863 (M.D. La. Aug. 25, 2020) (Allegation that plaintiff seeks damages in excess of $50,000 is insufficient to trigger 30-day removal window.).

14.

On May 31, 2022, counsel for the defendants received an email from plaintiffs' counsel stating as follows:

I am not sure if you guys are aware, but Asberry Glover was rendered paralyzed from the chest down after this crash. Louisa had a ton of injuries as well and Darrick has had surgery on his shoulder

(See: Exhibit B).

15.

On that same day, counsel for defendants responded stating that he "was unaware of that" and requested that medicals concerning the same be sent over to defense counsel. (See: Exhibit B).

16.

On June 2, 2022, counsel for the defendants received, for the first time, supporting medical records from plaintiffs' counsel indicating that Plaintiff, Asberry Glover, was paralyzed from the chest down as a result of the accident giving rise to this matter. (See: Exhibit C). The records of Acadian Ambulance show that at the scene of the accident Asberry Glover reported no feeling, sensation, or movement in his lower extremities. (See: Exhibit D, p. 4 of 32). The records of Lake Charles Memorial Hospital show that a number of tests were performed indicating a loss of sensation and motor function to lower extremities and a hematoma compressing T2-T5 causing paralysis. (See: Exhibit E, p. 16, 21, 32 & 102 of 107). Additional medical records were received from Baylor College of Medicine on June 23, 2022, which confirm the paraplegia diagnosis and report that the same occurred due to a "T2-3 spinal cord contusion, with underlying dorsal epidural hematoma." (See: Exhibit F, pp. 269, 277, 283).

17.

It is likely that the alleged paralysis alone is sufficient to establish the amount in controversy element for removal as it relates to the cause of action asserted by Asberry Glover. *See Montpelier US Ins. Co. v. Henry*, No. 6:13-CV-00773, 2014 WL 1713407, at *2 (W.D. La. Apr. 29, 2014)(Allegation that plaintiff was rendered a quadriplegic by the subject accident was

sufficient to establish the amount in controversy exceeds the jurisdictional minimum.); *Stewart v. Auguillard Const. Co.*, No. CIV.A 09-6455, 2009 WL 5175217, at *1 (E.D. La. Dec. 18, 2009) (Finding the amount in controversy was more than $75,000 when plaintiff alleged permanent paralysis as a result of accident and various damage claims such as pain and suffering, loss of enjoyment of life, lost wages, and past and future medical bills.).

18.

Louisiana courts have held that general damages, alone, in cases involving similar injuries of paralysis can amount to more than $75,000, exclusive of interests and costs. *Morehead v. Ford Motor Co.*, 29,399 (La. App. 2 Cir. 5/21/97), 694 So. 2d 650, *writ denied*, 97-1865 (La. 11/7/97), 703 So. 2d 1265, 661 (Jury awarded $2,732,000 in general damages to sixty-year-old motorist who was rendered a paraplegic as result of single-vehicle accident); *Stutes v. Greenwood Motor Lines, Inc.*, 2017-52 (La. App. 3 Cir. 11/22/17), 234 So. 3d 75, 85 (Jury awarded general damages to pickup truck driver, who was rendered a paraplegic with paralysis from his chest down as result of collision with eighteen-wheeler, in the amount of $4,000,000 for physical pain and suffering, $5,000,000 for mental pain and suffering, $6,000,000 for loss of enjoyment of life); and *Doucet v. Champagne*, 94–1631 (La.App. 1 Cir. 4/7/95), 657 So.2d 92 (20–year–old plaintiff injured in an automobile accident and rendered an paraplegic awarded $1,500,000 in general damages for past and future pain, suffering and mental anguish.).

19.

Nonetheless, even if the above is not sufficient to establish the amount in controversy for diversity jurisdiction, the removing defendants submit that on June 16, 2022, they received, for the first time, medical billing records depicting medical expenses allegedly incurred by the plaintiffs as a result of the subject accident. Significantly, on said date, counsel for the removing defendants

received medical billing records from Lake Charles Memorial Hospital indicating that Plaintiff, Asberry Glover, incurred over $32,000.00 in medical bills for treatment received on the date of the subject accident, alone. (See: Exhibit G, pp. 2-4). Billing records were also received from Baylor College of Medicine on July 5, 2022, report an additional $5630.00 in medical expenses incurred by Asberry Glover since the date of the subject accident. (See: Exhibit H, pp. 1-3).

20.

These claimed medical expenses, in addition to the fact that this plaintiff seeks to recover future expenses and general pain and suffering, sufficiently establish that the amount in controversy for the claims asserted by Asberry Glover is likely to exceed the seventy-five thousand-dollar ($75,00.00) limitation. See *Felton v. GreyhoundLines, Inc*., 324 F.3d 771, 773 (5th Cir. 2003) (finding amount in controversy requirement was satisfied where record established that the plaintiff incurred over $40,000 in medical expenses prior to removal and also sought damages for pain and suffering stating that "when all of these items are calculated, it becomes more likely than not that the amount-in controversy will exceed $75,000."); and *Bethel v. Nat'l Indem. Ins. Co*., No. CV 15-391-SDD-RLB, 2015 WL 5636433, at *5 (M.D. La. Sept. 4, 2015), report and recommendation adopted, No. 15-391-SDD-RLB, 2015 WL 5634588 (M.D. La. Sept. 24, 2015).

21.

The defendants do not concede that the plaintiff's claimed injury or damages, including past and future, medical expenses are credible, due to any fault on part of the defendants, or are related to the events described in the Petition. However, based upon the above and forgiving, it appears that, **if** Asberry Glover is able to prove all necessary elements of his negligence claim, it

is more likely than not that the amount-in controversy will exceed $75,000, exclusive of interests and costs.

22.

Accordingly, the cause of action asserted by Asberry Glover is one over which this Honorable Court has original jurisdiction under the provisions of 28 U.S.C. §1332 as the amount in controversy requirement, in excess of $75,000.00, is also satisfied.

## **SUPPLEMENTAL JURISDICTION**

23.

The entirety of this action may be removed to this federal district court, including the claims of Luisa Glover and Darrick Glover, because this court has supplemental jurisdiction over the claims of the remaining plaintiffs under 28 U.S.C. §1367. As provided by the Supreme Court in *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) when there is complete diversity of citizenship and at least one named plaintiff's claim satisfies the amount in controversy requirement of Section 1332, a district court may exercise supplemental jurisdiction over the jurisdictionally insufficient claims of any other plaintiff with regard to the same "case or controversy." *See also, George v. Fields*, No. CIV.A. 02-2585, 2002 WL 31086079, at *2 (E.D. La. Sept. 17, 2002).

## **OTHER PREREQUISITES FOR REMOVAL**

24.

This Notice of Removal is timely because it has been filed "within thirty days after receipt by the defendant ... of a copy of an ... other paper from which it may first be ascertained that the case is one which is or has become removable," in accordance with 28 U.S.C. §1446(B)(3) and

Federal Rules of Civil Procedure 6(a).[2] "Other paper" in this matter being the email correspondence and supporting medical records received June 2, 2022 from plaintiff's counsel, taken together. See *Credeur v. York Claim Serv.*, No. 13-CV-01367, 2013 WL 4814231, at *7 (W.D. La. Sept. 9, 2013), *aff'd*, No. CIV.A. 13-1367, 2013 WL 5935477 (W.D. La. Nov. 4, 2013) (Finding that e-mail correspondence sent by plaintiff's counsel on March 15 with supporting medical records sent by plaintiff's counsel on March 18 was sufficient "other paper" and "defendants had thirty days from March 18, 2013 in which to remove the action to federal court.").

25.

Pursuant to 28 U.S.C. §1446(a), copies of process, pleadings and orders of the court in the state action, in addition to the state court docket sheet, are attached hereto as Exhibit A.[3]

26.

On the date set forth below, a copy of this notice is being served on plaintiff's counsel and is being filed with the clerk of court for the 19th Judicial District, Parish of East Baton Rouge, State of Louisiana in accordance with 28 U.S.C. §1446(d).

27.

In light of the above and foregoing, Defendants herein, Argonaut and Kirpal Singh, all consenting to removal, may remove this case to this Honorable Court for disposition pursuant to the removal provisions of 28 U.S.C. §1441, *et seq*.

WHEREFORE, removing parties, Kirpal Singh and Argonaut Insurance Company, request that the above-entitled action be removed from the 19th Judicial District Court for the Parish of

---

[2] See *James v. MRC Receivables Corp*, No. 16-CV-0448, 2016 WL 3675864, at *2 (W.D. La. May 25, 2016), *report and recommendation adopted sub nom. James v. MRC Receivables Corp.*, No. 5:16-CV-00448, 2016 WL 3676787 (W.D. La. July 6, 2016) (Finding Rule 6(a) applies when determining the time for filing a notice of removal).

East Baton Rouge, State of Louisiana and to the United States District Court for the Middle District of Louisiana.

Submitted: July 5, 2022

                                      Respectfully Submitted:

                                      **PUJOL IRWIN, LLC**

                                      /s/ Ashley D. Tadda
                                      Timothy E. Pujol (#19117) (T.A.)
                                      Barbara Lane Irwin (#28091)
                                      Ashley D. Tadda (#38719)
                                      12320 Highway 44, Building 4, Suite C
                                      Gonzales, Louisiana 70737
                                      Telephone: (225) 644-0607
                                      Facsimile: (225) 644-1688
                                      tpujol@pujolirwin.com
                                      birwin@pujolirwin.com
                                      atadda@pujolirwin.com

                                      *Attorneys for Kirpal Singh and Argonaut Insurance Company*

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing served on:

                          Brent P. Frederick
                          Michael T. Beckers
                           Danielle N. Goren
      1075 Government Street, Baton Rouge, LA 70802
                      Tel: 225-372-6000
                      Fax: 225-372-6015
             bfrederick@dudleydebosier.com
             mbeckers@dudleydebosier.com
              dgoren@dudleydebosier.com

by placing the same in the United States Mail, first class postage prepaid, by sending a copy via electronic mail to the above e-mail address, or by faxing a copy of the same to the above facsimile number, this 5th day of July, 2022.

                                                         /s/ Ashley D. Tadda