UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ASBERRY GLOVER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-445-SDD-SDJ** |
| **ARGONAUT MIDWEST INS. CO., ET AL.** | |

**ORDER**

Before the Court is Plaintiffs' Motion for Leave to File Second Supplemental and Amending Petition for Damages. (R. Doc. 33). Defendant Aman Truck Lines, LLC, opposes the motion (R. Doc. 34),[1] and Plaintiffs have filed a reply memorandum (R. Doc. 39).

**I.     Procedural Background**

This action originated in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on April 21, 2022. (R. Doc. 1-3 at 2). In their Petition, Plaintiffs named as Defendants Argonaut Midwest Insurance Company, JHB Trucking, Inc., and Kirpal Singh, in their claims for damages resulting from an automobile accident in which Plaintiffs' vehicle was struck from behind by a vehicle driven by Singh, owned by JHB, and insured by Argonaut. (R. Doc. 1-3 at 3). The action was removed to this Court on July 5, 2022. (R. Doc. 1). On March 24, 2023, Plaintiffs, with the Court's permission and without objection from Defendants, amended their complaint to add Aman as a defendant. (R. Doc. 13). This first amended complaint was filed before the deadline to join other parties or to amend the pleadings. (R. Doc. 10).

---

[1] Three co-defendants, Argonaut Midwest Insurance Company, JHB Trucking, and Kirpal Singh, did not join Aman or separately file opposition(s).

After Aman was joined in the litigation, the previously issued Scheduling Order (R. Doc. 6, as amended by R. Doc. 10) was amended again to extend the discovery deadlines and trial date, but the April 13, 2023 deadline to join parties or amend pleadings remained in effect.

The parties have engaged in discovery, which included the corporate deposition of Aman on January 29, 2024. (R. Doc. 33). The Motion before the Court was filed on February 15, 2024.

**II.    Arguments of the Parties**

The amendment proposed in the instant motion seeks to add Coyote Logistics, LLC, as a defendant. (R. Doc. 33 at 1).[2] Plaintiffs assert that, through the course of discovery, they learned that Coyote had a carrier agreement with Aman for the shipment of cargo that was on the truck involved in the accident in question, and that Coyote knew of a double brokerage agreement between Aman and JHB. (R. Doc. 33 at 4). Because of its knowledge of the double brokerage, Plaintiffs claim Coyote is liable for damages incurred by the accident. (R. Doc. 33-6 at 5). In support of their Motion for Leave to Amend, Plaintiffs assert that the discovery of Coyote's knowledge of the double brokerage constitutes good cause to amend the scheduling order and allow amendment to add defendants.[3] (R. Doc. 33 at 2). In describing how they came to know of Coyote's specific involvement, Plaintiffs give a detailed account of the scheduling (and re-scheduling) of relevant depositions, resulting in the corporate deposition of Aman taking place on January 29, 2024. (R. Doc. 33 at 4).

In opposition, Aman claims that there is no good cause for the untimely amendment, that it would prejudice current Defendants, and that the amendment is futile. (R. Doc. 34 at 1). First,

---

[2] The amendment would also add the insurer for Coyote, which is currently unknown to Plaintiffs. (R. Doc. 33-6 at 2).
[3] Per the Court's Scheduling Order, amendments sought after the Court's deadline to join parties or amend pleadings "may be permitted in accordance with the good cause standard of Rule 16 of the Federal Rules of Civil Procedure." (R. Doc. 6, note 1).

Aman asserts that Plaintiffs had been aware of Coyote's involvement for almost a year, as Plaintiffs specifically referenced Coyote and the carrier agreement with Aman in their First Amended Complaint. (R. Doc. 34 at 3, Aman's Opposition; R. Doc. 13 at 4, First Amended Complaint).[4] Next, Aman argues that it will be prejudiced by the addition of a new defendant at this late stage of the litigation, citing the cost of additional discovery and a delayed trial date. (R. Doc. 34 at 3). Finally, Aman argues that the amendment would be futile because Plaintiffs' negligence claims against Coyote prescribed after one year, per Louisiana law; and relation back doctrine does not apply because there is no relation between Coyote and existing defendants. (R. Doc. 34 at 3-4).

Plaintiffs reply, first arguing that it is Coyote's *knowledge* of the double brokerage that is the crucial information giving rise to liability, not the mere existence of a carrier contract; this is what Plaintiffs learned at the January 29, 2024 deposition, resulting in the instant motion. (R. Doc. 39 at 2). Next, Plaintiffs argue that the burden on existing parties is outweighed by the imperative for justice and potential benefit to all parties; furthermore, they assert that any additional burden will be minimal, considering that discovery as to existing parties was not complete at the time of filing, and that one additional deposition would not substantially add to the workload. (R. Doc. 39 at 2). Finally, Plaintiffs argue that Louisiana law provides that bringing a suit against one tortfeasor interrupts prescription as to any joint tortfeasors. (R. Doc. 39 at 3).

### III. Discussion

#### A. Good Cause for Extension of Deadline to Amend

Fed. R. Civ. P. 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." As acknowledged by all parties, because Plaintiffs seek leave to amend their

---

[4] This is the only reference to Coyote in the First Amended Complaint; the carrier agreement with Aman is cited, but there is no reference to Coyote's knowledge of the double brokerage to JHB. (R. Doc. 13 at 4).

Complaint after the deadline for filing amendments and adding parties has passed, the Court must first analyze the Motion under Fed. R. Civ. P. 16. "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). "The Fifth Circuit has held that Rule 16 gives trial courts 'broad discretion to preserve the integrity and purpose of the pretrial order' in making the 'good cause' determination." *Allergan, Inc. v. Teva Pharms. USA, Inc.*, No. 15-1455, 2017 WL 119633, at *3 (E.D. Tex. Jan. 12, 2017), citing *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enterprises, L.L.C.*, 315 F.3d at 535, quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990). In determining "good cause," a court must consider the following four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id.* at 536 (citations omitted). If the movant demonstrates good cause, then the more liberal standard of Fed. R. Civ. P. 15(a) applies; however, "leave to amend is by no means automatic" and the "decision lies within the sound discretion of the district court." *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (citations omitted).

The Motion was filed more than a year after the expiration of the amendment deadline and one day before the close of fact discovery (R. Docs. 10 and 18). "The first factor under Rule 16(b)'s good-cause standard is the justification for the delay, which courts within this circuit have

described as the 'most important factor.'"[5] *Drummond v. Cajun Valve Servs., LLC*, No. 20-37, 2022 WL 1479954, at *3 (S.D. Miss. May 10, 2022), and *see id.*, citing *Ryan v. U.S. Dep't of Commerce*, No. 18-558, 2021 WL 3134909, at *2 (S.D. Miss. July 23, 2021) ("Courts within the Fifth Circuit have described the explanation for needing more time as the most important[t] factor."); *Antonio v. Acadian Ambulance Servs. Inc.*, No. 14-354, 2015 WL 12941882, at *1 (S.D. Miss. July 29, 2015) ("the first factor alone may be dispositive, outweighing the other three factors"); *Elvir v. Trinity Marine Prod. Inc.*, 327 F.R.D. 532, 550 (M.D. La. 2018) aff'd, No.16-814, 2018 WL 4628320 (M.D. La. Sept. 27, 2018) ("most important factor"); *Allergan, Inc.*, 2017 WL 119633, at *3 ("The most important factor bearing on the 'good cause' inquiry under Rule 16(b)(4) is whether the party seeking to modify the scheduling order can show that it has been diligent in pressing its claims but despite its diligence could not reasonably have met the scheduling deadline"); *O'Connor v. Cory*, No. 16- 1731, 2018 WL 5848860, at *4 (N.D. Tex. Nov. 8, 2018) ("most important factor").

As explanation for its failure to timely seek amendment, Plaintiffs represent that they first learned about Coyote's potential liability during the corporate deposition of Aman on January 29, 2024. Plaintiffs offer a detailed outline of their efforts to complete fact discovery in a timely

---

[5] *Drummond v. Cajun Valve Servs., LLC,* No. 20-37, 2022 WL 1479954, at *3 (S.D. Miss. May 10, 2022), and *see id.,* citing *Ryan v. U.S. Dep't of Commerce*, No. 18-558, 2021 WL 3134909, at *2 (S.D. Miss. July 23, 2021) ("Courts within the Fifth Circuit have described the explanation for needing more time as the most important[t] factor."); *Antonio v. Acadian Ambulance Servs. Inc.*, No. 14-354, 2015 WL 12941882, at *1 (S.D. Miss. July 29, 2015) ("the first factor alone may be dispositive, outweighing the other three factors"); *Elvir v. Trinity Marine Prod. Inc.*, 327 F.R.D. 532, 550 (M.D. La. 2018) aff'd, No.16-814, 2018 WL 4628320 (M.D. La. Sept. 27, 2018) ("most important factor"); *Allergan, Inc.,* 2017 WL 119633, at *3 ("The most important factor bearing on the 'good cause' inquiry under Rule 16(b)(4) is whether the party seeking to modify the scheduling order can show that it has been diligent in pressing its claims but despite its diligence could not reasonably have met the scheduling deadline"); *O'Connor v. Cory*, No. 16- 1731, 2018 WL 5848860, at *4 (N.D. Tex. Nov. 8, 2018) ("most important factor"); *Williams v. Waste Mgmt, Inc.*, No. 16-2943, 2018 WL 3803917, at *2 (N.D. Tex. June 29, 2018 ("lack of diligence in timely amending his pleadings is paramount").").

manner, and the Court finds that Plaintiffs were diligent in pursuing discovery, despite the fact that the corporate deposition of Aman was taken just days before the deadline to complete discovery.

Aman's argument that Plaintiff had enough information to put it on notice of its claims against Coyote is unconvincing. Plaintiffs' reference to the carrier agreement between Aman and Coyote does not evidence knowledge of the claim that Plaintiffs now seek to assert against Coyote. That existence of the carrier agreement itself is not the basis for Coyote's liability. Instead, it is the allegation that Coyote knew that Aman was breaching the agreement by double brokering the load that gives rise to the claim against Coyote. The record before the Court supports Plaintiffs' contention that they did not know the basis for the claim against Coyote until January 29, 2024. Accordingly, the Court finds that there is good cause for extending the deadline for joining parties and amending the complaint to allow for Plaintiffs' Motion, which was filed less than three weeks after the discovery of this information.

### B. Importance of the Amendment

Aman does not address this issue in its opposition. Per Plaintiffs Motion, "Plaintiffs sustained severe injuries in the crash, the most severe being suffered by Asberry Glover who was rendered paralyzed from the mid-waist down." (R. Doc. 33 at 2). In their Reply, Plaintiffs further contend that the amended complaint is warranted in the interests of "full justice." "Plaintiffs sustained catastrophic injuries and will be asking for damages well in excess of $30,000,000.00." Plaintiffs also point to Defendant JHB's communication suggesting that existing defendants may benefit from the joining of all potential tortfeasors in this action. (R. Doc. 33 at 2). Given the severity of the injuries alleged, the Court finds that the proposed amendment is important and

necessary to permit a full determination of the claims and defenses asserted by the parties to this action.

### C. Prejudice to Other Parties

Aman argues briefly that it and other parties will be prejudiced by the amended complaint because of additional discovery into the new claims, the potential that additional expert witnesses will have to be retained, and the anticipated continuance of the trial date. Plaintiffs counter that only limited additional discovery will be needed as a result of the amendment. Further, Plaintiffs contend that the trial date will have to be continued whether the amendment is permitted or not because the parties have significant additional discovery to do.

Aman's claims of prejudice as a result of additional discovery are conclusory and unsupported. And the potential continuance of the trial date does not constitute prejudice to any party; rather a continuance would only serve to mitigate the prejudice to any party as a result of additional discovery necessitated by the amended complaint. Accordingly, the Court finds that permitting the amended complaint will not cause any undue prejudice to other parties.

### D. Futility and Prescription

Plaintiffs' proposed claims against Coyote are based in negligent hiring of the trucking companies and of the driver, Singh. (R. Doc. 33-6 at 7). At the time of the car accident and at the time of filing, delictual actions were subject to a one-year liberative prescription. La. Civ. Code Art. 3492. But "[w]hen prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors". La. Civ. Code Art. 3503. This prescription remains interrupted as long as the suit remains pending. La. Civ. Code Art. 3463. Plaintiffs assert that if they are found liable, Coyote, Aman, and JHB would be jointly and severally liable. (R. Doc. 39

at 3). It is well-settled Louisiana law that "joint tortfeasors are deemed solidary obligors, even though their concurrent negligence results from different acts or breaches of different obligations." *Duplechain v. Clausing Mach. Tools*, 420 So. 2d 720, 722 (La. App. 4th Cir. 1982). Even where "neither the original nor amended petitions explicitly allege solidary liability," if the "facts claimed, and the prayer for relief, treat all of the defendants as joint tortfeasors," Louisiana law will view them as such. *Id.* It is sufficient to find that defendants are joint tortfeasors when plaintiffs allege that defendants' conduct, although different, contributed to causing the ultimate injury. *Gruver v. Louisiana Through Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, 510 F. Supp. 3d 367, 373 (M.D. La. 2021). Here, Plaintiffs have argued that existing Defendants and Coyote contributed to their injuries. And so, because Coyote is a joint tortfeasor along with the existing Defendants, Plaintiffs' claims against Coyote have not prescribed, and the proposed amendment is not futile.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' Motion for Leave to File Second Supplemental and Amending Petition for Damages. (R. Doc. 33) is granted, and the Clerk of Court is directed to file Plaintiffs' 2nd Supplemental and Amending Petition for Damages (R. Doc. 33-6) into the record.

Signed in Baton Rouge, Louisiana, on July 26, 2024.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**