UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ASBERRY GLOVER, ET AL.**

**VERSUS**

**ARGONAUT INSURANCE CO., ET AL.**

**CIVIL ACTION**

**No. 22-445-SDD-SDJ**

## ORDER

! Before the Court is Defendant Coyote Logistics's Motion to Stay Discovery pending the Court's ruling on Defendant's Motion to Dismiss. For the reasons discussed below, the Motion to Stay Discovery (R. Doc. 68) is **DENIED**.

**I.    Background**

This action arises from a car accident that resulted in significant injury to Plaintiffs. The case was removed to this Court on July 5, 2022. (R. Doc. 1). On March 24, 2023, Plaintiffs amended their Complaint to add as defendant Aman Trucking Lines. (R. Doc. 13). On February 15, 2024, Plaintiffs filed a Motion for Leave to file a second amended complaint; following discovery from Aman Trucking, Plaintiffs discovered another company that it wished to add as a defendant. (R. Doc. 33). On July 26, 2024, the Court granted the Motion, and the Second Amended Complaint was filed, adding as defendant Coyote Logistics. (R. Doc. 51). Scheduling conferences were held on September 20 and October 15, 2024, to address the addition of Coyote and discovery needs. (R. Doc. 62). On October 30, 2024, Coyote filed the instant motion requesting a stay of discovery pending their Motion to Dismiss. Plaintiffs oppose this motion (R. Doc. 74), and Coyote has filed a reply in support of its motion (R. Doc. 79).

**II.     Legal Standard**

No federal or local rule, statute, or binding case law applicable in this case automatically stays discovery pending a ruling on a dispositive motion.[1] Indeed, "if the Federal Rules of Civil Procedure contemplated that pending motions to dismiss would stay discovery, they would contain a provision to that effect".[2] A stay of discovery in light of a pending dispositive motion is the exception rather than the rule.[3] It is an "extraordinary step" and should not be granted merely because a defendant believes it will prevail on a dispositive motion.[4] While some courts may take the strength of a dispositive motion into account when determining whether to stay discovery, this is only a cursory review of the dispositive motion to assess whether the arguments are so substantial to render discovery futile.[5]

As a matter of federal procedure, a request to stay discovery must be considered a motion for protective order under Fed. R. Civ. P. 26(c)(1).[6] And so, courts should exercise discretion to stay discovery only for good cause, to protect from annoyance, embarrassment, oppression, or undue burden or expense.[7] The burden is on the party seeking a stay to show its necessity with a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements".[8] This demonstration must necessarily allege facts beyond the ordinary costs of

---

[1] *See, e.g. Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, 2021 WL 7708048, at *10 (E.D. La. May 21, 2021) (citing *Escareno ex rel. A.E. v. Lundbeck, LLC*, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014) ("Filing a Rule 12(b)(6) motion to dismiss does not automatically stay discovery or require postponing a Rule 26(f) conference until the motion is resolved.")).
[2] *X Corp. v. Media Matters for Am.*, 2024 WL 1895255, at *1 (N.D. Tex. Apr. 26, 2024).
[3] *Notariano v. Tangipahoa Par. Sch. Bd.*, 2018 WL 3844882, at *2 (E.D. La. Aug. 13, 2018) (citing *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008)).
[4] *Valenzuela v. Crest-Mex Corp.*, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017); *Griffin v. Am. Zurich Ins. Co.*, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015) (citing *Glazer's*, 2008 WL 2930482).
[5] *X Corp.*, 2024 WL 1895255, at *2.
[6] *Great Lakes*, 2021 WL 7708048, at *10 (citing *Landry v. Air Line Pilots Assoc. Int'l ALF-CIO*, 901 F.2d 404, 435 (5th Cir. 1990)).
[7] Fed. R. Civ. P. 26(c)(1); *X Corp.*, 2024 WL 1895255, at *1 (quoting *Von Drake v. Nat'l Broad. Co.*, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004)).
[8] *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

litigation.[9] Courts in the Fifth Circuit routinely decline to stay discovery pending the resolution of another motion, because the mere existence of a dispositive motion does not constitute good cause.[10]

### III. Arguments of the Parties

Here, Coyote seeks a stay of discovery for good cause, arguing that if Coyote is successful in its Motion to Dismiss, any discovery costs would have been unnecessary. (R. Doc. 68-1 at 3). Coyote asserts that its Motion to Dismiss is based in a purely legal question, which will be unchanged by any discovery. *See Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404 (5th Cir. 1990). Coyote further asserts that Plaintiffs will not be prejudiced by a stay of discovery "as discovery has been ongoing for two years" and asserts that discovery from other parties was complete prior to the addition of Coyote. (R. Doc. 68-1 at 3; 4).

In response, Plaintiffs opine on the protracted nature of this case and its discovery, including what it characterizes as efforts that were "continuously thwarted," leading to the late addition of Coyote. (R. Doc. 74 at 1-2). Plaintiffs assert that further delay makes it harder and harder to obtain information about the inciting accident. (R. Doc. 74 at 2). Plaintiffs emphasize that Coyote has not identified any specific facts regarding the potential costs of proceeding with discovery. (R. Doc. 74 at 5). Finally, Plaintiffs assert that, contrary to Coyote's assumption that

---

[9] To argue otherwise would be to say that all litigation costs constitute an "undue burden" under the Federal Rules.
[10] *See, e.g., Great Lakes*, 2021 WL 7708048 at *10 ("[Defendant's] pending dispositive motion does not render discovery premature."); *Valenzuela*, 2017 WL 2778104, at *5 ("[A]lthough the motion to compel arbitration might, if granted, result in the complete dismissal of this case as pending in this Court, that possibility alone does not, considering all the other factors discussed above, justify taking the extraordinary step of staying discovery."); *Ashford Inc. v. United Here.*, 2015 WL 11121019, at *2 (N.D. Tex. May 12, 2015) (Lynn, J.) (denying discovery stay because "the Court has a general interest in efficiently managing its docket, an interest that is rarely served by staying discovery pending the outcome of an arguably meritorious dispositive motion"); *Glazer's*, 2008 WL 2930482, at *1 ("The court declines to stay discovery merely because defendant believes it will prevail on its motion to dismiss."); *United States. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 768 (W.D. Tex. 2008) (declining to stay discovery for pending Rule 12(b)(6) motion where movants did not show that discovery would be oppressive, unduly burdensome, or expensive).

discovery as to the other defendants is complete, the addition of Coyote implicates discovery of all defendants. (R. Doc. 74 at 5).

Finally, Coyote replies that if its Motion to Stay is denied, it will have to participate in significant discovery in order to catch up on the two years' worth of existing discovery, causing duplicative discovery and significant costs and burdens on all deponents. (R. Doc 79 at 1).

## IV. Discussion

Because Coyote is such a late addition to this action, the Court acknowledges that Coyote is at a disadvantage in discovery. As stated above, a stay of discovery is not warranted to prevent the usual costs of litigation. Coyote has asserted that it will need to participate in extensive discovery, including some potentially duplicative depositions; however, the Court does not find that these costs go beyond the usual scope of litigation.[11] And Coyote has not provided specific discovery demands that would be unusually burdensome.

Coyote cites cases in which courts have granted a stay of discovery when a motion to dismiss is purely legal and would not be affected by discovery. This aspect may weigh slightly in favor of a stay. But because, as Coyote points out, the issue raised is novel to this Court, it is unclear how long it will be before a decision is made. The Court is loath to stay discovery indefinitely when Plaintiffs have been subject to such protracted litigation already.

Finally, Coyote asserts that Plaintiffs will not be prejudiced by a stay of discovery. Plaintiffs have litigated diligently, and the late addition of Coyote was not of Plaintiffs' fault. Extended delay in resolving its case, especially when it is dependent on facts that become more and more distant with each passing month, is indeed a prejudice to Plaintiffs.

---

[11] Particularly with regards to duplicative depositions, the costs incurred by Coyote would simply be the standard costs of discovery. Deponents themselves would bear the brunt of duplicative discovery, and they may seek their own protective orders if appropriate.

Given that Coyote has not demonstrated a burden of discovery beyond the usual costs of litigation, and balancing the interests of Plaintiffs and the Court's interests in judicial economy and its own scheduling concerns, the Court finds that a stay of discovery is inappropriate at this time.

V.      **Conclusion**

For the reasons discussed above, **IT IS ORDERED** that the Motion to Stay Discovery (R. Doc. 68) is **DENIED.**

**IT IS FURTHER ORDERED** that the parties shall submit a joint proposal of discovery deadlines by January 29, 2025. The proposal shall include a dispositive and Daubert motion deadline of July 31, 2025. If the parties believe this is not a workable deadline, they should submit one proposal with this deadline and another indicating their preferred deadlines, with an explanation of discovery to be conducted and why it cannot be completed by the Court's chosen deadline.

**IT IS FURTHER ORDERED** that a Telephone Scheduling Conference will be held before Magistrate Judge Johnson on February 5, 2025, at 2:00p.m. The conference will be canceled if the joint proposal of discovery deadlines is unanimous.

Signed in Baton Rouge, Louisiana, on January 15, 2025.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**