# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ASBERRY GLOVER, ET AL. | CIVIL ACTION |
| versus | |
| ARGONAUT INSURANCE COMPANY, ET AL. | 22-445-SDD-SDJ |

## RULING

This matter comes before the Court on the Motion to Dismiss Under FRCP 12(b)(6) filed by Defendant Coyote Logistics, LLC ("Coyote").[1] Plaintiffs Asberry Glover, Louisa Glover, and Darrick Glover (collectively, "Plaintiffs" or "the Glovers") oppose the motion,[2] and Coyote has filed a reply.[3] The Court has considered the law, arguments, and submissions of the parties and is prepared to rule. For the following reasons, Coyote's motion is denied.

### I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This suit arises out of an automobile accident. Plaintiffs allege that on or about July 29, 2021, Asberry Glover was driving his 2008 Cadillac Escalade westbound on Interstate-10, in Calcasieu Parish, Louisiana.[4] Louisa and Darrick Glover were also in the vehicle.[5] As the Glovers were traveling in the middle lane of Interstate-10, their vehicle experienced engine problems, causing it to lose power and reduce in speed.[6] Thereafter, Kirpal Singh ("Singh") hit the Glover's vehicle from behind while operating a 2021

---

[1] Rec. Doc. 64.
[2] Rec. Doc. 69.
[3] Rec. Doc. 73.
[4] Rec. Doc. 51, ¶¶ 2–3.
[5] *Id.* at ¶ 3.
[6] *Id.* at ¶ 4.

Freightline Cascadia owned by JHB Trucking Inc. ("JHB Trucking") and insured by Argonaut Midwest Insurance Company ("Argonaut").[7] Singh was in the course of transporting a load.[8]

On April 21, 2022, the Glovers filed suit against Argonaut, JHB Trucking, and Singh in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana.[9] Argonaut, JHB Trucking, and Singh removed the suit to this Court on July 5, 2022.[10] The Glovers filed an Amended Complaint on March 23, 2024, adding Aman Truck Lines, LLC ("Aman Truck Lines") as a defendant and alleging that it and JHB Trucking are a single business enterprise.[11]

Plaintiffs filed a Second Supplemental and Amending Complaint on July 26, 2024.[12] They added Coyote as a defendant as well as ABC Insurance Company, Coyote's unknown insurer.[13] Plaintiffs allege that Coyote is the broker[14] that contracted with Aman Truck Lines for the shipment of a load.[15] This Broker-Carrier agreement prevented Aman Truck Lines from contracting with another company to carry out the shipment.[16] Yet, Plaintiffs allege that as an attempt to shield itself from liability, Aman Truck Lines contracted Singh, a JHB Trucking employee, to transport the load.[17]

Plaintiffs bring negligence claims against Coyote. They assert that Coyote (1) negligently hired Aman Truck Lines, JHB Trucking, and Singh; and (2) knew Aman Truck

---

[7] *Id.*
[8] *Id.* at ¶ 12.
[9] Rec. Doc. 1-3, p. 2.
[10] Rec. Doc. 1.
[11] Rec. Doc. 13, ¶¶ 1, 12.
[12] Rec. Doc. 51.
[13] *Id.* at pp. 1–2.
[14] *Id.* at ¶ 4.
[15] *Id.* at ¶ 12.
[16] *Id.*
[17] *Id.*

Lines, JHB Trucking, and Singh were incompetent, unsafe, unqualified, and irresponsible motor carriers/independent contractors.[18] Coyote seeks dismissal of Plaintiffs' claims, arguing that negligence claims against brokers are preempted by the Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501 ("FAAAA").[19] Plaintiffs oppose Coyote's motion.[20] They argue that the FAAAA does not preempt their claims against Coyote, but even if it did, their claims would fall under the FAAAA's safety exception,[21] which reserves states the authority to regulate safety matters with respect to motor vehicles.[22]

## II.     Rule 12(b)(6) Standard

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[23] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[24] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[25]

In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss: "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

---

[18] *Id.* at ¶ 18.
[19] Rec. Doc. 64.
[20] Rec. Doc. 69.
[21] 49 U.S.C. § 14501(c)(2)(A).
[22] Rec. Doc. 69, pp. 8–22.
[23] *In re Katrina Canal Breaches Litig.*, 495 F. 3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit,* 369 F. 3d 464, 467 (5th Cir. 2004)).
[24] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F. 3d 757, 763 (5th Cir. 2011) (internal citations omitted).
[25] *In re Katrina Canal Breaches Litig.*, 495 F. 3d at 205 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."[26] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[27] However, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[28] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[29] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[30] "On a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[31]

### III. LAW AND ANALYSIS

The FAAAA provides:

(c) Motor carriers of property.—

(1) General rule.—Except as provided in paragraphs (2) and (3), a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier (other than a carrier affiliated with a direct air carrier covered by section 41713(b)(4)) or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.[32]

---

[26] *Twombly*, 550 U.S. at 545 (internal citations and brackets omitted).
[27] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).
[28] *Id*.
[29] *Id*.
[30] *Taha v. William Marsh Rice Univ.*, No. 11-2060, 2012 WL 1576099, at *2 (S.D. Tex. May 3, 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Sols., Inc.*, 365 F. 3d 353, 361 (5th Cir. 2004)).
[31] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[32] 49 U.S.C. § 14501(c)(1).

"Thus, to establish preemption, a party must show both that (1) a state enacted or attempted to enforce a law, and (2) the state law relates to broker rates, routes, or services, or has a significant economic effect on them."[33] "The FAAA[A] also contains a safety exception to this general preemption provision. The safety exception provides that the express preemption provision 'shall not restrict the safety regulatory authority of a State with respect to motor vehicles.'"[34] Therefore, to determine whether the FAAAA preempts Plaintiffs' negligence claims against Coyote, "the Court must answer two questions: (1) does the preemption provision apply, and (2) does the safety exception nevertheless prevent preemption."[35]

There are "three distinct positions taken by courts on this issue."[36] As the Southern District of Texas has explained:

> The first group of courts found no FAAAA preemption of personal injury claims against brokers based on the conclusion that negligent hiring claims are not sufficiently "related to" the services of a broker. *See, e.g., Scott v. Milosevic*, 372 F. Supp. 3d 758, 769 (N.D. Iowa 2019); *Mann v. C.H. Robinson Worldwide, Inc.*, 2017 WL 3191516, at *7 (W.D. Va. July 27, 2017). The second group of courts rejected FAAAA preemption of common law negligence claims based on the safety regulatory exception. *See, e.g., Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016 (9th Cir. 2020); *Lopez v. Amazon Logistics, Inc.*, 458 F. Supp. 3d 505, 512 (N.D. Tex. 2020); *Popal v. Reliable Cargo Delivery, Inc.*, 2021 WL 1100097 (W.D. Tex. Mar. 10, 2021); *Grant v. Lowe's Home Ctr.*, 2021 WL 288372, at *3 (D.S.C. Jan. 28, 2021). Finally, the third group of courts have found that negligence claims against freight brokers are preempted under the FAAAA and do not fall within the safety exception. *See, e.g., Gillum v. High Standard, LLC et al.*, 2020 WL 444371 (W.D. Tex. Jan. 27, 2020); *Loyd v. Salazar*, [416 F. Supp. 3d 1290, 1295–96 (W.D. Okla. 2019)]; *Creagan v. Wal-Mart Trans.*, LLC, 354 F. Supp. 3d 808, 812 (N.D. Ohio 2018).[37]

---

[33] *Farfan v. Old Dominion Freight Line, Inc.*, 744 F. Supp. 3d 763, 767 (S.D. Tex. 2024).
[34] *Id.* (quoting 49 U.S.C. § 14501(c)(2)(A)) (emphasis omitted).
[35] *Id.*
[36] *Id.*
[37] *Id.* at 767–68 (quoting *Bertram*, 2021 WL 2955740, at *2) (emphasis omitted).

The Fifth Circuit has not addressed this issue, but the Seventh, Ninth, and Eleventh Circuits have:

> On the first step of the analysis, [the Seventh, Ninth, and Eleventh Circuits] all found that the preemption provision applied. In other words, they found that negligent hiring claims against a broker are in fact preempted as such claims relate to "rates, routes, and services" of the broker that fall under § 14501(c)(1). On the second step, however, the Circuits are split on whether these kinds of common law claims fall within the safety exception. While the Ninth Circuit found that the negligent-hiring claims do fall within the safety exception (and thus the claims are not preempted), the Seventh and Eleventh Circuits found that these claims do *not* fall within the safety exception (and thus the claims are preempted). *Compare Miller v. C.H Robinson Worldwide, Inc.*, 976 F.3d 1016, 1021-25 (9th Cir. 2020) (holding that the safety exception applies in negligence cases stemming from motor vehicle accidents) *with Ye v. GlobalTranz Enterprises*, 74 F.4th 453 (7th Cir. 2023) (finding that "the connection here—between a broker hiring standard and motor vehicles—is too attenuated to be saved under § 14501(c)(2)(A)"); *Aspen American Insurance Company v. Landstar Ranger, Inc.*, 65 F.4th 1261, 1268 (11th Cir. 2023) (holding that although Plaintiff's claims implicated an exercise of Florida's safety regulatory authority, that authority was not exercised "with respect to motor vehicles").[38]

District courts within the Fifth Circuit are split on this issue as well. In following the Ninth Circuit's decision in *Miller*,[39] the Western District of Louisiana in *Bertram v. Progressive Se. Ins. Co.*[40] found that though negligence claims are preempted by the FAAAA, they fall within the Act's safety exception.[41] The Southern District of Texas in *Farfan v. Old Dominion Freight Line, Inc.*[42] and the Eastern District of Louisiana in *Bailey v. Progressive County Mutual Insurance Co.*[43] followed the Seventh[44] and Eleventh[45]

---

[38] *Id.* at 768.
[39] 976 F.3d 1016.
[40] No. 19-1478, 2021 WL 2955740 (W.D. La. July 14, 2021).
[41] *Id.* at *6.
[42] 744 F. Supp. 3d 763.
[43] No. 22-5161, 2024 WL 3845966 (E.D. La. Aug. 16, 2024).
[44] *See Ye*, 74 F.4th 453.
[45] *See Aspen*, 65 F.4th 1261.

Circuits' approach, finding that negligence claims are preempted by the FAAAA and do not fall within the Act's safety exception.[46]

A division of this Court recently weighed in on this issue. In *General Security National Insurance Corporation v. Celi*,[47] that division followed the Ninth Circuit's decision in *Miller* and in doing so explained:

> Having carefully considered the matter, the Court finds most persuasive the Ninth Circuit's decision in *Miller*, as adopted by the Western District of Louisiana in *Bertram.* The Court bases this decision on the following: (1) the general principle that "the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress[,]" *id.* at *5 (citing *City of Columbus*, 536 U.S. at 425); (2) the similar principle that courts have a "tendency ... to construe the safety exception broadly[,]" *id.* (citing *VRC LLC*, 460 F.3d at 612); (3) the fact that the purpose of the FAAAA is to "regulat[e] economic aspects of the trucking industry by, for example, enacting tariffs, price regulations, and other similar laws[,]" *id.* (quoting *Miller*, 976 F.3d at 1026); and (4) the fact that the purpose behind the Safety Exception is to "not restrict the States' existing power over 'safety[,]' " which "plainly includes the ability to regulate safety through common-law tort claims[,]" *id.* (first quoting *Ours Garage*, 536 U.S. at 439; and then quoting *Miller*, 976 F.3d at 1026). Further, the Court finds that the strict construction given to the FAAAA by *Bailey* and *Farfan* to be unpersuasive, as these courts rely on a hyper-technical reading of the statute and ignore the interpretative and preemption principles and legislative intent highlighted by *Bertram*.[48]

The Court adopts this analysis and reasoning. As such, the Court finds that while the FAAAA's preemption clause applies to Plaintiffs' negligence claims against Coyote, those claims fall within the Act's safety exception. Accordingly, Plaintiffs' negligence claims survive, and Coyote's motion is denied.

---

[46] *Farfan*, 744 F. Supp. 3d at 770; *Bailey*, 2024 WL 3845966, at *3.
[47] No. 23-1682, 2025 WL 1601024 (M.D. La. June 5, 2025).
[48] *Id.* at *10.

IV.     CONCLUSION

For the foregoing reasons, Defendant Coyote Logistics, LLC's Motion to Dismiss Under FRCP 12(b)(6)[49] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on June 30, 2025.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[49] Rec. Doc. 64.